IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Darin Robert Patterson, | ) | C/A No. 0:05-717-CMC |
| | ) | Cr/ No.  0:93-689 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | **OPINION and ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal inmate, seeks relief pursuant to 28 U.S.C. § 2255.  The Petition was filed in this court on March 7, 2005, asserting two grounds for vacating Petitioner's sentence.  Respondent moved for summary judgment on March 24, 2005, to which Petitioner has chosen not to respond.[1]

This petition fails for two reasons.  Petitioner waived his right to file a direct appeal or attack his conviction or sentence via a petition under 28 U.S.C. § 2255.  *See* Plea Agreement at 7, para. 11, filed September 29, 2003, D.S.C. Cr. No. 3:03-689.  During his Rule 11 colloquy, this court reviewed the Plea Agreement in some detail with Petitioner, and he indicated he understood he was waiving certain valuable rights.  *See* Tr. Change of Plea Hrg. at 18-19.[2]

A defendant not only may waive his right to file a direct appeal of his conviction and sentence, *see United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990), but he may also waive his right to collaterally attack his conviction and sentence, so long as the waiver is knowing and

---

[1]As Petitioner is represented by counsel, this court did not issue an order pursuant to *Roseboro v. Garrison*, 528 F2d 309 (4th Cir. 1975), advising Petitioner of the necessity of properly responding to a motion for summary judgment.

[2]Petitioner did not waive his right to proceed under a claim regarding ineffective assistance of counsel or prosecutorial misconduct, neither of which he pursues in this petition.

voluntary.  *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).  Petitioner makes no

assertion that his plea was not knowing or voluntary.  Therefore, this Petition is precluded.

Even if this court were to entertain the petition, it would fail.  Petitioner argues the Supreme

Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005) provides relief for

Petitioner because *Booker* is somehow retroactive to cases on collateral review.  However, the

*Booker* decision only applies to those cases on direct appeal.  *See Booker*, 125 S. Ct. at 768.  The

Supreme Court has not held that *Booker* is to be applied retroactively to cases on collateral review.

IT IS THEREFORE ORDERED that Respondent's motion for summary judgment is **granted**

and this Petition is dismissed with prejudice.

**IT IS SO ORDERED**.


　　　　　　　　　　　s/ Cameron McGowan Currie
　　　　　　　　　　　CAMERON McGOWAN CURRIE
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 26, 2005


C:\temp\notesFFF692\05-717 Patterson v. US e dismissing petition waived in plea agreement.wpd

2